UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY A. STARR, | ) | Case No.: 4:10 CV 451 |
| | ) | |
| Appellant | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| PLAYER WIRE WHEELS, LTD., | ) | |
| | ) | |
| Appellee | ) | <u>ORDER</u> |

Currently pending before the court are a Motion to Dismiss filed by Appellee Player Wire Wheels, Ltd. (ECF No. 6.) and a Joinder in Motion to Dismiss filed by Player Wheel Group, Ltd. and Fountain Valley Holdings, Ltd., who are parties in interest. (ECF No. 10.) For the reasons set forth below, the court grants these Motions.

## I. FACTS AND PROCEDURAL HISTORY

Player Wire Wheels ("Appellee" or "PWW") was a wholesaler of automobile wheels and tires from 2000 to 2010 (Disclosure Statement). Appellee was wholly owned by Mr. Ray Starr. (Appellant's Br. in Opp. to Mot. to Dismiss, ECF No. 11, 1.) In 2005, Mr. Starr pledged all of the membership units in Player Wire Wheels to his ex-wife Ms. Beverly Starr ("Appellant") as collateral against a $5.5 million divorce settlement. (Appellee's Mot. to Dismiss, ECF No. 6, 2.) These units were kept in escrow and 20% of the pledged units were released back to Mr. Starr on a yearly basis so long as Mr. Starr paid monthly installments of $105,000.00 to Appellant. (*Id.*) However, in 2008, after completing approximately 60 percent of the scheduled payments, Mr. Starr died leaving

Appellant engaged in a prolonged arbitration with her former husband's estate. (Appellant's Br. in Opp. to Mot. to Dismiss, ECF No. 11, 1.)

Following the death of Mr. Starr, Roy L. Crick was appointed executor of his estate, which included PWW. (Appellant's Br. in Opp. to Mot. to Dismiss, ECF No. 11, 1.) Mr. Crick also serves as the Trustee of the Ray A. Star Revocable Living Trust. (Aff. of Roy L. Crick, ECF No. 15, 1.) This Trust is the sole member and owner of Player Wheel Group, Ltd. ("PWG"). (*Id.*)

On March 21, 2009, Appellee filed for a Chapter 11 reorganization (Appellee's Mot. to Dismiss, ECF No. 6, 4.) On March 27, 2009, Appellant, as an interested party, filed a motion to dismiss those proceedings. (Bankruptcy Pet. No. 09-40906-kw, Doc. 26.) Her Motion was denied. (Bankruptcy Pet. No. 09-40906-kw, Doc. 49.) Appellee later withdrew its reorganization plan and submitted a plan for liquidation. (Bankruptcy Pet. No. 09-40906-kw, Doc. 127.) An amended version of this liquidation plan ("the plan"), submitted on November 3, 2009, included the sale of all of Appellee's assets to PWG, the payment of all outstanding allowed claims against Appellee from the proceeds of that sale, and the cessation of business activities by Appellee. (Bankruptcy Pet. No. 09-40906-kw, Doc. 137.) On December 9, 2009, Appellant submitted an objection to the confirmation of this amended liquidation plan. (Bankruptcy Pet. No. 09-40906-kw, Doc. 153.) A hearing was held on the plan and Appellant's objections to it. On December 30, 2009, the Bankruptcy Court for the Northern District of Ohio confirmed the liquidation plan. (Bankruptcy Pet. No. 09-40906-kw, Doc. 161.)

On January 8, 2010, Appellant filed a notice of appeal in which she claimed that the bankruptcy court erred in: (1) denying her motion to dismiss; (2) overruling her objection to the confirmation; (3) determining her ballot on the liquidation plan should not be counted; and (4)

confirming the liquidation plan. (Notice of Appeal, ECF No. 1.) Pursuant to the confirmation plan, Appellee submitted a Bill of Sale on January 29, 2010, indicating that all of Appellee's assets had been sold. (Bankruptcy Pet. No. 09-40906-kw, Doc. 176.) On February 9, 2010, Appellant filed a motion to stay the implementation of the liquidation plan pending the results of her appeal. (Bankruptcy Pet. No. 09-40906-kw, Doc. 190.) On February 25, 2010, Appellant's motion for a stay was denied. (Bankruptcy Pet. No. 09-40906-kw, Doc. 197.)

Appellant's appeal was certified to this court by the bankruptcy court on March 2, 2010. (ECF No. 1.) On March 8, 2010, Appellant filed a Motion to Stay the implementation of the liquidation plan. (ECF No. 4.) On April 1, 2010, Appellee filed a Motion to Dismiss based on statutory mootness. (ECF No. 6.) Also on April 1, Player Wheel Group, Ltd. and Foutain Valley Holdings, Ltd. joined Appellee's Motion to Dismiss (ECF No. 10).

## II. STANDARD

The bankruptcy code's mootness rule provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith... unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. §363(m). This rule is grounded in the notion that "the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot." *255 Park Plaza Assoc. Ltd. P'ship v. Connecticut Gen. Life Ins. Co.(In re 255 Park Plaza Assoc. Ltd. P'Ship)*, 100 F.3d 1214, 1216 (6th Cir. 1996)(citing *Onouli-Kona Land Co. v. Estate of Richards*, 846 F.2d 1170, 1171 (9th Cir. 1988)). The rule applies when "an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets." *Id.*

### III. LAW AND ANALYSIS

Appellee contends that this court should dismiss Appellant's claims because the bankruptcy mootness rule applies. (Appellee's Mot. to Dismiss, ECF No. 6.) Appellant contends that the mootness rule is inapplicable on two grounds: (1) the sale in question was not conducted pursuant to Section 363 of the bankruptcy code; and (2) the sale was not conducted in good faith. (Appellant's Br. in Opp. to Mot. to Dismiss, ECF No. 11, 4.) It is undisputed that the bankruptcy proceedings in this matter were never stayed and that the liquidation plan as confirmed by the court proceeded and has now been substantially consummated. (Appellee's Mot. to Dismiss, ECF No. 6, 4-5; Appellant's Br. in Opp., ECF No. 11, 2.) For the following reasons, this court finds Appellant's objections to the Motions to Dismiss to be without merit.

First, Appellant contends that because the sale of Appellee's assets to PWG was conducted as part of the court confirmed liquidation plan it is not covered by the bankruptcy mootness rule. Appellant points to language in Section VI of the plan that references 11 U.S.C. §1123(a)(5)(D) and argues that this language demonstrates that the sale was not conducted pursuant to 11 U.S.C. §363(b) or (c) as required by the mootness provision of §363(m). This argument has no merit. Section 1123 of the bankruptcy code entitled, "contents of plan" merely sets out what should be included in a reorganization or liquidation plan. 11 U.S.C. §1123(a)(5)(D). This section advises that such a plan should include adequate means for the implementation of a liquidation including providing for the sale of assets. *Id.* It does not convey any independent authority upon a trustee to conduct a sale of a debtor's assets. A trustee's authority to sell the assets of an estate in Chapter 11 liquidation derive from Sections 363(b) and (c) of the bankruptcy code. The sale of Appellee's assets was conducted pursuant to that authority, and the sale is therefore afforded 363(m) mootness

protection unless Appellant can demonstrate a lack of good faith. 11 U.S.C. §363(m).

Second, Appellant contends that the sale to PWG was not conducted in good faith because Mr. Crick, as both executor of Mr. Starr's estate and Trustee of Mr. Starr's Trust, was aware of Appellant's objections to the sale. (Appellant's Br. in Opp. to Mot. to Dismiss, ECF No. 11, 5-6.) She further contends that no efforts were made to market a sale of Appellee's assets to other potential buyers. (*Id.*) The Sixth Circuit has held that in order to show a lack of good faith a party must show that the sale in question was tainted by fraud or collusion. *See In Re 255 Park Plaza*, 100 F.3d at 1218; and *Made In Detroit, Inc. v. Official Comm. of Creditors of Made In Detroit, Inc.*, 414 F.3d 576, 581 (6th Cir. 2005). Furthermore, the Sixth Circuit has concluded that the issue of good faith is a consideration that district courts may make in the context of a motion to dismiss pursuant to 11 U.S.C. §363(m). *Second Grand Traverse School v. Jamed W. Boyd* (*In re Second Traverse School*), 100 F. App'x 430, 433 (6th Cir. 2004) (affirming district court's granting of motion to dismiss appeal pursuant to §363(m)).

Appellant contends that these circumstances are sufficient to demonstrate a lack of good faith.(Appellant's Br. in Opp. to Mot. to Dismiss, ECF No. 11, 5-6.) While it is true that Mr. Crick exercised control over both the liquidated entity, Appellee, and the purchaser of Appellee's assets, PWG, the mere fact that the purchaser of the assets in question is also a party to the bankruptcy proceeding is insufficient to demonstrate a lack of good faith. *E.g. In Re 255 Park Plaza*, 100 F.3d at 1217 ("Assuming the purchaser acts in good faith . . . It should make little difference whether the purchaser also happens to be a creditor who is a party to the appeal.") In that case, the debtor's primary asset, 255 Park Plaza, an office building, was purchased by debtor's primary creditor Connecticut General Life Insurance Company. *Id.* at 1218. However, the Sixth Circuit held that the

facts that Connecticut General was a party to the bankruptcy proceeding, had drafted the liquidation plan that called for the sale of the property, and ultimately purchased the property for less than its full value were not sufficient to show bad faith. *Id.*

In upholding a decision by the Western District of Michigan applying the mootness rule, the Sixth Circuit noted "where the good faith of the purchaser is at issue, the district court is required to review the bankruptcy court's finding of good faith before dismissing any subsequent appeal as moot under section 363(m)." *In re Second Grand Traverse School*, 100 F. App'x at 433-434. The Bankruptcy Court for the Northern District of Ohio evaluated Appellant's control argument and found it insufficient to demonstrate the fraud or collusion required for a showing of bad faith. (Bankruptcy Pet. No. 09-40906-kw, Doc. 196, 14-15.) Having evaluated the arguments of both parties as to the sale of Appellee's assets to PWG, the bankruptcy court noted, "there is no evidence that the sale of Debtor's business assets to Buyer was anything but at arm's length, in good faith and for full value." (Bankruptcy Pet. No. 09-40906-kw, Doc. 196, 14-15.) This court agrees with that finding. The record indicates that Appellee's assets were sold to PWG at a purchase price reflecting the full value of Appellee's allowed claims as defined under the court approved liquidation plan. (Appellee's Reply in Supp. of Mot. to Dismiss, ECF No. 12, 1.) Consequently, Appellant has failed to meet her burden. The court finds no indication in the record that this sale was conducted in bad faith.

Lastly, because Appellant failed to obtain a stay of the implementation of the liquidation plan, her appeal is rendered moot by the application of 11 U.S.C. §363(m), and the practical reality that the sale of the assets was to a good faith purchaser has rendered this court incapable of fashioning any effective relief. *See Weingarten Nostat, Inc. v. Serv. Merch. Co., Inc.*, 396 F.3d 737,

742 (6th Cir. 2005). Appellant filed her appeal on January 8, 2010, but did not file her motion to stay before the bankruptcy court until February 9, 2010. In the interim, Appellee sold all of its assets to PWG in accordance with the plan. Finding the plan consummated and ruling that Ms. Starr had not met her burden, the bankruptcy court denied Appellant's Motion to Stay Pending Appeal. On March 18, 2010, Appellant filed another Motion to Stay, this time before this court. (ECF No. 4.) As with the motion to stay she filed before the bankruptcy court, this Motion was filed after the sale of Appellee's assets had been consummated.

Absent a stay, a court hearing an appeal of an authorization of a good faith sale should not disturb the sale. *See Maloof v. Level Propane Gases, Inc.*, 2006 U.S. Dist. LEXIS 12782 (N.D. Oh. Mar. 24, 2006)(dismissing an appeal of a bankruptcy court's rulings where no stay had been granted, sale of the assets in question had been consummated, and appellant did not demonstrate a lack of good faith). Because Appellant failed to obtain a stay prior to the consummation of the sale of Appellee's assets and because Appellant cannot show that the sale was conducted in bad faith, the present action appealing the orders of the bankruptcy court and challenging the validity of that sale are moot.

## IV. CONCLUSION

This court hereby grants Appellee's Motion to Dismiss (ECF No. 6) and, consequently, the Joinder in Motion to Dismiss filed by PWG and Fountain Valley Holdings, Inc. (ECF No. 10.) Appellant's Motion to Stay (ECF No. 4) is denied as moot.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 23, 2010